# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PINNACLE ADVERTISING AND MARKETING GROUP, INC., ) ) ) Plaintiff, ) ) v. ) ) PINNACLE ADVERTISING AND MARKETING GROUP, LLC, ) ) ) Defendant. ) | No. 18-cv-02430 Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Pinnacle Advertising and Marketing Group, Inc. ("Plaintiff") alleges that Pinnacle Advertising and Marketing Group, LLC ("Defendant") infringed its trademark for "PINNACLE." Plaintiff accordingly has filed the present action setting forth claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, alternatively, under Rule 12(b)(3) for improper venue. (Dkt. No. 14.) For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

Plaintiff is an Illinois corporation that provides advertising and marketing services to clients in a broad range of industries under its federally-registered trademark for "PINNACLE." (Compl. ¶¶ 6, 12–14, Dkt. No. 1.) Its PINNACLE trademark is in the form of both a word mark and a stylized mark. (*Id.* ¶ 12.) Like Plaintiff, Defendant also provides advertising and marketing services and does so using a nearly identical name, Pinnacle Advertising and Marketing Group,

LLC. (*Id.* ¶¶ 7, 21.) According to Plaintiff, Defendant has infringed on its trademark by using the PINNACLE mark in direct competition with Plaintiff. (*Id.* ¶¶ 3, 22.) Consequently, Plaintiff has filed the present action setting forth a cause of action under the Lanham Act, along with Illinois state law claims.

Defendant filed the present motion to dismiss arguing that it is not subject to personal jurisdiction in this Court, or alternatively, that venue is improper. Specifically, Defendant asserts that it is a limited liability company formed in the State of Florida with its headquarters and only office located in Boca Raton, Florida. (Def.'s Mem. in Support of Mot. to Dismiss at 1, Dkt. No. 14-1.) Defendant also denies that it has conducted any activities within Illinois or purposefully directed toward Illinois. (*Id.* at 1–2.) After Defendant filed its motion, Plaintiff sought and was granted leave to conduct jurisdictional discovery.

In its opposition to the motion to dismiss, Plaintiff has set forth evidence of contacts Defendant had with Illinois that Plaintiff argues are sufficient to subject Defendant to personal jurisdiction in this Court. First, Plaintiff points to Defendant's attendance at the 2016 Dealer Ad Association Conference, which was held in Chicago. (Opp'n at 4, Dkt. No. 30; *id.*, Ex. B., Dkt. No. 30-2.) In addition, Plaintiff uncovered evidence in discovery of Defendant purchasing radio advertisement space in Illinois for at least one of its clients. (*Id.* at 5; *id.* Exs. C–E, Dkt. Nos. 30-3–30-5.) And Plaintiff asserts that those purchases caused actual confusion, as Plaintiff erroneously received invoices meant for Defendant sent by the Illinois radio stations from which Defendant purchased the advertisement space. (*Id.* at 6.)

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman*, 152 F.

Supp. 3d 1041, 1045 (N.D. Ill. 2015). When its existence is challenged, the plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). And when a court rules on a Rule 12(b)(2) motion based on the parties' submission of written materials without holding an evidentiary hearing, "the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Id.* (internal quotation marks omitted). Any well-pleaded facts alleged in the complaint are taken as true and any factual disputes in the affidavits are resolved in the plaintiff's favor. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

Because the Lanham Act does not authorize nationwide service of process, the Court must look to Illinois's long-arm statute to determine whether Defendant may be served in Illinois. *Id.* That statute allows for the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILCS 5/2-209(c); *Tamburo*, 601 F.3d at 700. Thus, the question before the Court is whether Defendant has "sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo*, 601 F.3d at 700–01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be general or specific. Plaintiff does not contend that this Court has general jurisdiction over Defendant, so the present inquiry may be limited to whether Plaintiff has shown that this Court has specific jurisdiction over Defendant. That inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specifically, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Tamburo*, 601 F.3d at 702. Thus, there is specific jurisdiction where "(1) the defendant has purposefully directed [its] activities at the forum state or

purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* In addition, the exercise of jurisdiction "must also comport with traditional notions of fair play and substantial justice." *Id.*

Plaintiff must establish here that Defendant's contacts with Illinois are sufficiently substantial for the exercise of specific personal jurisdiction. One way of doing so is to show that Defendant purposefully availed itself of the privilege of conducting activities in Illinois. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The purposeful availment requirement seeks to ensure "that a defendant's amenability to jurisdiction is not based on 'random, fortuitous, or attenuated contacts,' but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." *N. Grain*, 743 F.3d at 492–93 (quoting *Burger King*, 471 U.S. at 475). Those contacts must be deliberately established by the defendant such that it could anticipate being haled into court in the forum state. *Id.* The mere fact that a defendant's conduct caused harm to a plaintiff located in the forum state is not sufficient by itself. *Walden*, 571 U.S. at 290. Plaintiff may also establish sufficient minimum contacts by showing that Defendant expressly aimed its misconduct at Illinois. *See Calder v. Jones*, 465 U.S. 783, 789–90 (1984).

According to Plaintiff, Defendant had two sets of contacts with Illinois that make jurisdiction appropriate. First, Plaintiff points to Defendant's attendance at the Dealer Ad Association Conference in Chicago, which Plaintiff describes as a "trade show." While Defendant disputes that the conference was a trade show, for purposes of this motion, that factual dispute must be resolved in Plaintiff's favor. Nonetheless, Defendant's attendance at a single trade show, standing alone, is not sufficient to establish personal jurisdiction. *See, e.g.*, *Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co., Ltd.*, No. 02 C 4615, 2003 WL 21383325, at *2 (N.D. Ill.

4

June 12, 2003) ("[T]his Court will not exercise personal jurisdiction over a foreign defendant based on mere attendance at a trade show in the forum."); *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F. Supp. 2d 928, 934 (N.D. Ill. 2000); *Ameritech Servs., Inc. v. SCA Promotions, Inc.*, No. 99 C 4160, 2000 WL 283098, at *4 (N.D. Ill. Mar. 6, 2000). Moreover, while the trade show Defendant attended is an annual event, each year it is hosted at a new location, often in an entirely different state from the previous year. (Reply at 5–6, Dkt. No. 36; *id.* Ex. A, Dkt. No. 36-1.); *see C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 853 (N.D. Ill. 2009) (stating that a defendant's attendance at a Chicago trade show did not demonstrate that the defendant targeted Illinois residents where Chicago was merely the "fortuitous" location of the show). Defendant's attendance at a trade show that just happened to be held in Chicago that particular year does not demonstrate that Defendant purposefully directed its business activities toward Illinois or otherwise targeted Illinois-based clients. *See N. Grain*, 743 F.3d at 494 ("Even assuming that [the defendant's] attendance at the Illinois seed-corn meeting bears on the personal-jurisdiction analysis in this case, he did so without any apparent intent to solicit business there."); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Our inquiry boils down to this: has [the defendant] purposely exploited the Illinois market?").

Moreover, Plaintiff has not articulated how Defendant's presence at the trade show caused the harm of which Plaintiff complains. Plaintiff simply claims that Defendant and Plaintiff were both at the same trade show at which they used nearly identical names. However, Plaintiff does not allege that Defendant attempted to solicit clients at the trade show and cannot point to any attendees that confused the two. *See Berthold*, 102 F. Supp. 2d at 934 (finding that an alleged infringer's attendance at a single trade show did not establish specific jurisdiction where plaintiff failed to allege that defendants sold any infringing products at the trade show or that the contact

5

otherwise caused the harm asserted). So even if attending a single Illinois trade show did provide a sufficient minimum contact, Plaintiff's argument for personal jurisdiction would still fail because it cannot show how the alleged injury arose from that forum-related activity. *Cf. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (concluding that sales to purchasers in forum state did not establish personal jurisdiction in that state where the plaintiff did not establish that the purchasers saw the plaintiff's allegedly infringing advertisement before making the purchase).

The next set of Defendant's contacts with Illinois that Plaintiff purports give this Court specific personal jurisdiction is Defendant's purchases on one client's behalf of radio advertisement space on Illinois radio stations. Plaintiff contends that those purchases show that Defendant deliberately targeted the Illinois market. Yet, even in instances where a party buys on its own behalf, the Seventh Circuit has found that simply making purchases from forum-state residents or "mailing payments into the forum state" does not give rise to personal jurisdiction over the purchaser. *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994). And Defendant's contacts here were even more attenuated, as its purchases were on behalf of its Florida-based client. The exercise of specific personal jurisdiction is only appropriate where Defendant's relationship arises "out of contacts that the defendant [itself] creates with the forum." *Walden*, 571 U.S. at 284 (internal quotation marks omitted). It was Defendant's client who targeted Illinois by purchasing the advertisement space there. Defendant merely followed its client's instructions and it was fortuitous that as a result Defendant was brought into contact with Illinois radio stations. *See id.* at 286 ("Due process requires that a defendant be haled into court in a forum State based on ***his own*** affiliation with the State, not

based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (emphasis added) (quoting *Burger King*, 471 U.S. at 475)).

Nor can Plaintiff establish how Defendant's Illinois radio advertisement purchases caused it litigation-specific harm. There is no evidence or reason to believe that the contested mark was used or had any role in any advertisements that Defendant's client aired on the radio stations. And Defendant was not using the purported goodwill Plaintiff built up in its mark to do business with the stations. Rather, it was simply making purchases and paying the stations money. The radio stations likely gave little thought to the PINNACLE mark in fulfilling the orders. Presumably, what mattered most was that the purchaser timely remitted payment. Yet Plaintiff contends that this conduct caused confusion, as evidenced by the fact that Plaintiff received invoices for Defendant's Illinois purchases. But it is hard to see how a radio station erroneously sending invoices meant for Defendant to Plaintiff constitutes a harm to Plaintiff. Defendant remained liable to pay the invoices, and because Defendant did not timely receive those invoices, it is more likely that Defendant was harmed because it was prevented from being able to timely meet its payment obligations to the radio stations.

Plaintiff further cites as a harm that Defendant received invoices meant for Plaintiff. However, Plaintiff fails to show how any harm it suffered as a result of Defendant's erroneous receipt of Plaintiff's invoices was related to Defendant's forum-specific activity. Perhaps Plaintiff would have a stronger claim if it showed that the invoices erroneously sent to Defendant came from the same Illinois radio stations from which Defendant made its purchases. Instead, Plaintiff speaks generally of Defendant receiving invoices meant for Plaintiff and fails to tie the payees' apparent confusion to any business Defendant conducted in Illinois.

Taken together, Defendant's attendance at a single Illinois trade show and its purchases on a client's behalf of advertisement spots on Illinois radio stations are not minimum contacts making Defendant amenable to personal jurisdiction in this Court. Even if they were, Plaintiff has failed to show that its claimed injury in this litigation arose from those contacts. And given the Court's conclusion that Defendant did not purposefully avail itself of doing business in Illinois, it need not address Defendant's alternative argument that the action should be dismissed under Rule 12(b)(3) for improper venue.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 14) is granted.

ENTERED:

Dated: November 13, 2018

Andrea R. Wood
United States District Judge